THE MAYOR, &c., OF THE CITY OF NEWARK v. THE CITY OF ORANGE.

The act of April 7th, 1890 (*Pamph. L.*, *p.* 192), entitled "An act to provide for drainage and sewerage in cities of this state," authorizes cities to carry their sewers through adjacent townships to tidewater. *Held*, that the title sufficiently expresses the object of the act, and that the act is constitutional.

On *certiorari*.

Argued at February Term, 1893, before Justices VAN SYCKEL and MAGIE.

For the prosecutor, *Samuel F. Bigelow*.

For the defendant, *Frederic W. Stevens*.

The opinion of the court was delivered by

VAN SYCKEL, J. The object of this proceeding is to review an ordinance of the city of Orange providing for a system of sewerage for said city, extending through West Orange, Belleville and the city of Newark to the west bank of the Passaic river.

The said ordinance was passed in virtue of the act of April 7th, 1890, entitled "An act to provide for drainage and sewerage in cities of this state." *Pamph L., p.* 192.

The first reason assigned for setting aside the said ordinance is that the said act is unconstitutional and void, because the title does not express the object of the act. The act of 1890 authorizes cities to carry their sewers through other townships and municipalities to tidewater, and the point made is that the title of the act does not sufficiently indicate its purpose to grant the right to invade adjacent territory.

If the title read, "An act to provide for the construction of sewers within cities," the inference would be reasonable that the authorized work was to be completed within the limits of the city. But this title is not so narrow. It declares the purpose of the act to be to provide for drainage and sewerage in cities of this state, and the title sufficiently indicates that all proper and reasonable means by which that end may be attained are to be authorized by the act. It is equivalent to a title providing for drainage and sewerage of cities of this state. The cities are to be drained, and that cannot be done without disposing of the sewage.

It is not a special act providing for one city, and thus apparently affecting such city alone, but it is a general act, applying to all cities, and thus calling to it the attention of all the people of the state.

It is a matter of common knowledge that there are cities in the state which have not within their limits an available outlet for sewage. For such cities an act would be futile which did not authorize the entrance upon adjacent territory. The title of this act making provision for the relief of all cities clearly suggests that it will be so framed as to furnish all the means and instrumentalities requisite to make it effective in the various localities and situations to which it extends. It must be presumed that the lawmaker will so mould the act as to give relief in every case and adapt it to the wants of every political district of the class, so that it will in fact and in effect be a general law.

The title, therefore, sufficiently indicates the object of the act and draws the public attention to what it may be intended to accomplish by it.

The details are merely incidental to and essential for the attainment of the object expressed in the title of the act, and are not, under the adjudicated cases, a necessary part of the title.

There is no intermixing in this act of things that have no proper relation to each other; it has but one object, clearly expressed in the title, and it contains no provision foreign to the purpose it is intended to effectuate.

The insistment that the title must state that the act will authorize the invasion of contiguous territory cannot be acceded to without adopting a rule more rigorous than that which has heretofore prevailed. Such a statement is a particularity which the organic law does not require; it is a statement not of the object of the act, but of the means by which it is proposed to effect it.

Notice of the subject-matter of the proposed legislation was given to the public by the title of the act. Sewerage and drainage in cities were to be provided for; the object was expressed, but in what manner it was to be accomplished was not and need not be indicated in the title.

The unity of the object must be sought in the end which the legislative act is designed to accomplish, and not in the details adopted to reach that end.

The degree of particularity which must be used in the title of an act rests largely in legislative discretion, and is not defined by the constitution. The generality of the title will not be fatal, if by fair intendment the provisions of the act can be connected with it. This view, expressed by this court in *State* v. *Town of Union*, 4 *Vroom* 350, has been adhered to in all the subsequent cases. A stricter interpretation of the fundamental mandate would, I apprehend, overthrow a vast deal of important legislation hitherto unchallenged. Very few laws will measure up to a standard of constitutionality which requires every important feature in them to be indicated

in the title. In *State* v. *Hammer,* 13 *Vroom* 436, this court declared that it is only in plain cases that it is proper to vacate statutes on this ground. The act before us can be supported in the view taken in many adjudged cases. *Rader* v. *Newark,* 5 *Vroom* 237 ; *Onderdonk* v. *Plainfield,* 13 *Id.* 480 ; *Wright* v. *Moran,* 14 *Id.* 49 ; *Bergen* v. *Union,* 15 *Id.* 606 ; *State* v. *Smith,* 18 *Id.* 200 ; *State* v. *Cherry,* 24 *Id.* 173.

In the case last cited the title of the act is "An act to establish an excise department in cities of this state." Mr. Justice Reed clearly states the rule as follows : "It is obvious that the establishment of the board by any legal means is within the title. The means by which it is established, or the powers with which it is vested, so long as those powers are confined to the regulation of matters of excise, are neither aside from the objects expressed in the title, nor are the objects diverse or doubtful."

If the title of the Sewer act is not sufficiently particular to validate the legislation on which the ordinance before us rests, then under the title, "An act to provide for a water supply in cities of this state," it would not be competent to provide for obtaining water *ab extra.* It appears to me that the title in the one case is quite as suggestive that the act may provide for carrying the sewage beyond the city boundary as it is in the other, that it may permit the water to be conducted from and through adjacent territory into the city. In either case I deem the title to be sufficient to support the legislation, and that a narrower construction is in accord neither with a wise policy nor with the current of judicial decision in this state.

The other objections to the legality of the certified proceedings are not well founded. In my judgment due provision is made in the act for the legal taking of all property essential in the promotion of the scheme which the city of Orange has adopted and entered upon.

The writ of *certiorari* should be dismissed, with costs.